Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| LUIS ROLANDO RUEMMELE GARCÍA<br><br>Recurrente<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00267 | *Revisión de Decisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.: GMA500-179-25<br><br>Sobre: Programa de Pre-Reinserción |
| --- | --- | --- |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 12 de noviembre de 2025.

Comparece el señor Luis R. Ruemmele García (en adelante, parte recurrente o señor Ruemmele García) por derecho propio, o *In Forma Pauperis*, mediante recurso de revisión administrativa, firmado por este el 24 de septiembre de 2025[1] y recibido ante este Tribunal de Apelaciones el 29 de septiembre de 2025. En su recurso, la parte recurrente no especifica la decisión de la cual recurre. No obstante, acompañó a su recurso la *Solicitud de Remedio Administrativo* que fue atendida mediante la *Respuesta al Miembro de la Población Correccional* emitida el 23 de mayo de 2025 y notificada el 24 de junio de 2025, por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (en adelante, División de Remedios Administrativos). En virtud de esta, la División de Remedios Administrativos adjuntó la *Respuesta del Área Concernida/Superintendente* donde se refirió para

---

[1] Damos por presentado el recurso en dicha fecha.

evaluación la reclamación de la parte recurrente a la División de Programas de Desvío y/o Comunitarios.

Asimismo, incluyó la *Evaluaci[ó]n Programa de Pre-Reinserci[ó]n* emitida el 7 de mayo de 2025 y notificada el 4 de agosto de 2025, por el Departamento de Corrección y Rehabilitación.

Por los fundamentos que adelante se esbozan, se *desestima* el recurso por falta de jurisdicción.

**I**

Según se desprende del expediente, el 28 de febrero de 2025, el señor Ruemmele García presentó *Solicitud de Remedio Administrativo* con Número GMA500-179-25. Por medio de esta, le solicitó al Departamento de Corrección y Rehabilitación (en adelante, DCR o parte recurrida), que fuera considerado a ser readmitido por segunda ocasión al Programa de Pre-reinserción a la Libre Comunidad. Lo anterior, por motivo de haber cumplido con las condiciones dispuestas por el reglamento de dicho programa.

El 23 de mayo de 2025, fue emitida la *Respuesta al Miembro de la Población Correccional.*[2] Junto a esta fue anejada la *Respuesta del Área Concernida/Superintendente*, a través de la cual se refirió su caso a la División de Programas de Desvío y/o Comunitarios con el propósito de ser evaluado y determinar si cumplía con los criterios del Programa de Pre-reinserción a la Libre Comunidad.

Cabe señalar que, la parte recurrente incluyó en el apéndice de su recurso un documento intitulado *Evaluaci[ó]n Programa de Pre-Reinserción*, emitido el 7 de mayo de 2025 y notificado el 4 de agosto de 2025. El mencionado documento esboza que, el caso de la parte recurrente fue evaluado y se determinó que era "no favorable". Como parte de las razones para tal determinación, el DCR expuso lo siguiente:

---

[2] Notificada el 24 de junio de 2025.

No cumple con lo dispuesto en la Orden Administrativa DCR2023-03 Proyecto Para La Pre-Reinserción a la Libre Comunidad – Art. IV Normas Generales, Letra A-Criterios de Elegibilidad, Inciso #7 "Deberá restarle diez (10) años o menos para cumplir el mínimo de la sentencia. Al presente según se desprende del referido el mínimo está pautado para el 13 de febrero de 2040, se excede del mínimo requerido por la orden administrativa.

El aludido documento le apercibió a la parte recurrente los trámites a seguir en caso de no estar de acuerdo con la decisión, a saber, la presentación de un recurso de revisión judicial ante el Tribunal de Apelaciones dentro del término de treinta (30) días, contados a partir de la notificación de la determinación, o la presentación de una solicitud de reconsideración dentro del término de veinte (20) días, contados a partir del recibo de la determinación, ante la Oficina de Programas de Desvíos y Comunitarios. De un examen al expediente, no surge que el señor Ruemmele García hubiera recurrido en reconsideración de tal determinación.

Más adelante, la parte recurrente acudió ante este foro revisor mediante el recurso de epígrafe. Aunque no esgrimió señalamiento de error alguno, es su postura que la parte recurrida incidió en su determinación.

Por otro lado, el DCR presentó *Solicitud de Desestimación.* En su moción, el DCR sostiene que, procede la desestimación del recurso de marras por falta de jurisdicción.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Freire Ruiz et al. v. Morales, Hernández*, 2024 TSPR 129, 215 DPR ___ (2024); *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685,

698 (2024); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89 (2020).[3]

Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022).[4] La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgtm. Group. v. Oriental Bank*, 204 DPR 374 (2020).[5]

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015); *R&B Power, Inc. v. Junta de Subastas ASG*, supra, pág. 698; *Souffront v. AAA*, supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83(C) del Reglamento del Tribunal de Apelaciones[6], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. *Perfeccionamiento de Recursos*

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v.*

---

[3] Véase *Torres Alvarado v Madera Atiles*, 202 DPR 495 (2019); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).

[4] *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

[5] *Torres Alvarado v Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Souffront v. AAA*, 164 DPR 663, 674 (2005).

[6] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

*Rodríguez,* 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker,* supra, pág. 290, *Arraiga v. FSE,* 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara,* 202 DPR 1062, 1070-1071 (2019); *Freire Ruiz et al. v. Morales, Hernández,* supra. Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso tardío o prematuro. Lo anterior, debido a que, una apelación o recurso prematuro, al igual que uno tardío adolece del grave e insubsanable defecto de falta de jurisdicción. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero*, 209 DPR 1 (2022); *Yumac Home Furniture v. Caguas Lumber Yard,* supra, pág. 107. Su presentación carece de eficacia y como consecuencia no produce ningún efecto jurídico, pues no hay autoridad judicial para acogerlo. *Báez Figueroa v. Adm. Corrección,* supra, pág. 299; *AFI v. Carrión Marrero*, supra, pág. 4.

Un recurso tardío es aquel que se presenta fuera del término disponible para ello, y que, consecuentemente, manifiesta la ausencia de jurisdicción. Desestimar un recurso por ser tardío priva

fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Yumac Home Furniture v. Caguas Lumber Yard*, supra, pág. 107.

En lo pertinente, en cuanto al término para presentar un recurso de revisión, el Reglamento del Tribunal de Apelaciones, en su Regla 57 dispone lo siguiente:

> El escrito inicial de revisión **deberá presentarse dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia**, o a partir de la fecha aplicable cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración, a menos que alguna ley especial aplicable disponga un término distinto. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.[7]

Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013), lo siguiente:

> Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia,* 184 D.P.R. 393 (2012).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005); *Freire Ruiz et al. v. Morales, Hernández*, supra.

---

[7] Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E,* 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[8] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[9]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, la parte recurrente en su recurso no especificó la decisión de la cual recurre. Sin embargo, en el apéndice incluyó la *Evaluaci[ó]n Programa de Pre-Reinserción*, emitida el 7 de mayo de 2025 y notificada el **4 de agosto de 2025** por el DCR. En vista de lo anterior, en caso de que esa fuese la decisión de la cual recurre, la parte recurrente disponía hasta el **8 de septiembre de 2025** para acudir ante este foro revisor. De un examen al escrito, pudimos constatar que, la parte recurrente firmó el mismo el **24 de septiembre de 2025**. Lo que significa que, el recurso fue presentado de forma *tardía*.

Incluso, si consideráramos que recurre de la *Respuesta al Miembro de la Población Correccional* – según sugiere la parte recurrida – emitida el **24 de junio de 2025**, el recurso se entiende

---

[8] *García Morales v. Mercado Rosario,* 190 DPR 632, 638 (2014).
[9] *Soto Pino v. Uno Radio Group,* supra, pág. 90; *Hernández Maldonado v. Taco Maker,* supra, pág. 290; *Arriaga v. F.S.E.,* 145 DPR 122, 130 (1998).

tardío. Puesto que, el recurrido contaba hasta el hasta el **24 de julio de 2025**, para recurrir de dicha determinación ante este foro.

La Regla 57 del Reglamento de este Tribunal dispone que, el escrito inicial de revisión **deberá presentarse dentro del término jurisdiccional de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Dado a que el aludido término es uno *jurisdiccional,* su incumplimiento impide la revisión judicial al privar de jurisdicción al Tribunal.[10]

Como podemos observar, el recurso de epígrafe fue presentado fuera del término jurisdiccional. Consecuentemente, procedemos a desestimar el recurso de revisión de conformidad con la Regla 83(C) del Reglamento de este Tribunal[11], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se *desestima* el recurso por falta de jurisdicción.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación. El Administrador de Corrección deberá entregar copia de esta *Resolución* al confinado, en cualquier institución donde este se encuentre.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Soto Pino v. Uno Radio Group,* supra, pág. 92.
[11] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.